"Articles of Copartnership entered into this 24 August, A.D. 1771, between Ralph McNair and any person he may hereafter take in with himself, on the one part, and Richard Kennon, on the other part, witnesseth: First, That the said Copartnership shall commence on 15 October next or before, if the said Ralph MacNair's fall goods come to hand, and shall continue as long as the parties are inclined; they the said Ralph and Richard sharing each the equal half of all loss and gain by the trade carried on under these articles. Second, That the said Ralph MacNair shall charge to the new Company whatever goods he can supply from his next fall and spring cargoes, to be delivered at Hillsborough, at the rate of seventy per cent. advance from the sterling cost, for Virginia money; and Virginia money in room of sterling, for the packages, and no more. That for the future supply of the store, he the said Ralph MacNair shall import goods twice a year, agreeable to schemes or orders by the said parties mutually made out for that purpose, and shall charge them at the same rate as above mentioned; allowing twelve months credit for all the goods they supply, and charging interest for what is not paid in that time; and allowing a discount for what is paid before. And that in case of goods being taken or lost, or the store being otherwise disappointed of goods, or at other times assortments be wanted, they shall be purchased wherever the parties shall judge best for the advantage of the concern. Third, That the new Company shall allow the said Richard Kennon for the land and improvements whereon he now lives in the County of Chatham, called Stony Hill, whatever they shall be found to have cost him, valuing the goods paid to workmen and others, for building, improving, c., at the rate of 133 1-3 proclamation money advance from the sterling cost, which shall be guessed at by the parties. He also shall charge whatever goods he may have on hand at the commencement of this Copartnership, at the rate of seventy per cent. Virginia money from the sterling cost; and the currency articles at what they shall have cost him at that place; also his household furniture and bay horse. All which articles shall remain afterwards in equal Copartnership, in the same manner as every thing else belonging to the concern. Fourth, That the said Richard Kennon shall reside at Stony Hill, or at whatever place the parties may think proper to remove the *Page 111 
store to, and take upon him the management of the concern, with such assistance as they may think necessary. For which services he shall be allowed at the rate of forty pounds proclamation money per annum, out of the profits of the trade; and shall charge himself after the rate of 133 1-3 per cent, advance for proclamation money from sterling, and no more, for all the goods he may want for himself and his negroes; every other expense attending the (141) business, coming as a proper charge against the concern. Fifth, That the firm of the Company shall be Richard Kennon and Co.; and neither of the parties shall be able to discontinue the trade without giving twelve months notice to the other. That an inventory shall be regularly taken once a year about 1 July, and a true state of the affairs made out, of which a copy with a list of the debts deemed bad, shall be delivered to the said Ralph MacNair. And that the said Richard Kennon shall collect whatever debts may be due at the termination of this Copartnership, and finally settle the affairs of the concern with what assistance they shall think necessary; and shall account for the same as he receives it, or as often as the said Ralph MacNair shall require. Lastly, That in case of the death of either party, an inventory shall be immediately taken, in which the goods on hand, debts, houses, and every other thing belonging to the concern shall be valued as in the next preceding inventory; and that the debts due by the store being first paid off, the share of the deceased partner shall be paid to his heirs as it shall be collected, or in two equal yearly payments, the first term of payment to be after the expiration of two years after such decease. In witness whereof the parties have hereunto set their hand and affixed their seals the day and year first above written.
 "RALPH MACNAIR, (Seal.) "RICH'D KENNON, (Seal.)
"Sealed and delivered in the presence of
 "JOHN M'CLELLAN, "ARCH'D CAMPBELL."
The bill then charges, that at the time these articles of copartnership were entered into, the Complainant was a copartner in trade with his brother Ralph, in the town of Hillsborough, and immediately afterwards he became a partner in the firm of Richard Kennon Co. Richard Kennon retaining one-half of the interest in the said concern, and Complainant taking one-third, and his brother Ralph retaining two-thirds of the other half.
That Complainant, with his brother Ralph, immediately afterwards, and from time to time, supplied Richard Kennon, as acting partner of the firm of Richard Kennon Co. with goods to a large amount, until 4 August, 1774, when it was agreed between the partners that the business of the concern should cease, as to all matters, except such as necessarily related to the settlement of their accounts, collections of their debts (142) and the closing of their affairs as copartners.
That agreeably to the article which required that Richard *Page 112 
Kennon should collect whatever debts might be due at the termination of the copartnership, and finally settle the affairs of the concern, it was also agreed on the said 4 August, 1774, that Kennon should immediately set about the collection of the company's debts, and the settlement of all the affairs of the concern; and, for that purpose, all the books and papers belonging to the concern were left in his hands; that he proceeded to collect the debts and settle the business; and, on 10 April, 1777, produced to the Complainant and his brother Ralph the balance account signed by him for Richard Kennon Co. (a copy of which was annexed to the bill:) by which it appeared that the company's property then in his hands, in money, securities for money, c., amounted to 3,069l Os. 10d., and that the sum of 1,853l. 5s. 3d. was due to Complainant and his brother Ralph for goods furnished to the concern.
That Kennon was requested to continue the collection of the debts and the settlement of the business, and that on 1 July, 1777, he made a payment to Complainant and his brother of 141l. 10s. 1d.
That shortly afterwards, the Complainant and his brother, being merchants, trading to Great Britain, and being natural born subjects of his Britannic Majesty, were obliged to depart from the state, leaving the books, papers, property and business of the concern of Richard Co. in the hands of Kennon, who was to proceed to collect the debts and settle the business of the concern.
That Ralph MacNair has died, having made his will and appointed Complainant his executor; that Richard Kennon having collected the debts due to the concern, and converted the money and property of the concern to his own use, has also died, having made his will and appointed Thomas (143) Ragland, Boling Hines and Celia Kennon his executors and executrix; who have proved the will and taken out letters testamentary. That he died possessed of or entitled to a large personal estate, more than sufficient to satisfy the demands of the Complainant; that the books and papers of the firm of Richard Kennon Co. also came to their hands, and that they refuse to come to any settlement with the Complainants. The bill prayed for an account, and that the Defendants might be decreed to pay such sum as should be found due on such account.
To this bill, the Defendants entered the plea of the statute of limitations, and therein stated, that in the lifetime of Richard Kennon, to-wit, on 10 April, 1777, he stated and settled an account in writing with Ralph MacNair and the Complainant, *Page 113 
and which was assented to by them, of and concerning the goods and stock which had been supplied to the partnership of Richard Kennon Co. by Ralph MacNair and the Complainant, making a balance of 1,853l. 5s. 3d. then due to them in respect thereof; and also of and concerning the whole money, securities for money and property of the partnership trade, and of and concerning the profits and gains made thereby; and it thereby appeared, that there then was in Richard Kennon's hands, in money, securities for money, and other property belonging to the partnership trade, to amount of 3069l. 0s. 10d.: That the goods and stock were so supplied, and the monies and property, if collected and received, (which Defendants did not admit) were so collected and received by Richard Kennon, and the said account so stated and settled, and what was due from him to Ralph MacNair and Complainant, became due in the life-time of Richard Kennon, and more than three years before the filing of the bill or serving of any process to appear and answer thereto. That if Complainant or Ralph MacNair, had any cause of action against Richard Kennon in his lifetime, or against the Defendants since his death, for or concerning any of the matters or things contained in the bill, the same did accrue above three years before filing the bill, or (144) serving of process to appear and answer thereto; and that neither Richard Kennon, in his lifetime, nor the Defendants, since his death, did at any time within three years before filing the bill or serving process to appear and answer thereto, promise or agree to come to any account for or to pay or any way satisfy the Complainant or Ralph MacNair, any money or other thing for or concerning the matters or things set forth in the bill, c.
This plea being set down for hearing, was sent to this Court.
The bill is brought by Ebenezer MacNair, surviving partner of Richard Kennon Co., against the executors and executrix of Richard Kennon, for an account and settlement of the partnership transactions. The bill was filed in October, 1800, and in April, 1802, the Defendants entered a plea of the statute of limitations, which states, that in April, 1777, their testator stated and settled an account with the Complainant and the deceased partner, Ralph MacNair, making a balance of one thousand eight hundred and fifty-three pounds, five shillings and three pence, due to the Complainant and Ralph MacNair, for merchandise furnished to the copartnership; and another balance of three thousand and sixty-nine pounds and ten pence, in Kennon's hands, for money, securities *Page 114 
and property, if collected and received: and the plea avers, that the cause of action, if any ever existed, accrued more than three years before the filing of the bill. The real transaction between these parties is set forth in the bill; and the articles of copartnership shew that this plea cannot be sustained. According to the fourth article of copartnership, Kennon was to manage the concern with such assistance as the parties might think necessary; and by the fifth, he was to collect whatever debts (145) might be due at the termination of the copartnership, and to account for the same as he received them, or asoften as the said Ralph MacNair should require. The partnership was dissolved by mutual consent, on 4 August, 1774, except as to such matters as necessarily related to the settlement of their accounts, the collection of their debts, and closing their affairs as copartners; and for these purposes, Richard Kennon was authorized according to the fifth article; and the books and papers were left in his hands. It was in pursuance of this authority, that in April, 1777, he exhibited a balance sheet the paper set up in the plea, as a stated account, and while the business of collection was yet in progress and incomplete. A payment was made by Kennon in July, 1777, on account of the stock furnished; but the payments as to the profits were to await the final collections and settlement. This was not effected until after the Complainants had been obliged to leave the State in consequence of hostilities. And until it were completed, Kennon had in his hands the moneys of the Complainant, refusing to pay them upon request. In this state of things the statute of limitations could not attach upon the demand. The statement furnished by Kennon, was to shew from time to time the progress he was making; the moneys were received by him in the character of a trustee, liable to pay what he received, when his copartners should require it; and it was only when they did require it and he refused it, that the fiduciary character was put an end to. Upon any other construction, the statute would begin to run upon every separate sum, however small, as it was received by Kennon; and the Complainants could only recover such sums as were received within three years before the bill filed. The plea must be overruled with costs.
Cited: Com'rs v. Lash, 89 N.C. 169; Patterson v. Lilly, 90 N.C. 86;Baker v. Brown, 151 N.C. 16. *Page 115 
(146)